Lambert L. JOHNSON, in behalf of himself and all other persons similarly situated who come and join in the action; and Lambert L. Johnson, as sheriff of Richland County, North Dakota, Plaintiffs and Respondents,

v.

RICHLAND COUNTY, North Dakota, a body corporate, and the Board of County Commissioners of Richland County, North Dakota, Defendants and Appellants.

No. 8356.

Supreme Court of North Dakota.

July 26, 1968.

Harold O. Bullis, State's Atty., Wahpeton, Fred E. Saefke, Jr., Bismarck (on oral argument), for defendants and appellants.

Johnson, Milloy & Eckert, Wahpeton, for plaintiffs and respondents.

PER CURIAM.

On January 25, 1966, the board of county commissioners of Richland County entered into a contract with Lee E. Agnew, of Wahpeton, an elector of Richland County, for the collection of delinquent personal property taxes. On the next day, January 26, Lee E. Agnew assigned this contract to the North Dakota Retail Creditors Association of Bismarck, Burleigh County, North Dakota. This assignment was never formally ratified by the board of county commissioners by resolution or motion. However, the contract was entered into with the knowledge and understanding on the part of the county commissioners that the contract would be assigned to the Creditors Association.

The plaintiff brought this action to enjoin the defendants from carrying into effect or enforcing any provisions of the contract or the assignment thereof on the grounds that the contract is null and void.

The defendants have appealed from the judgment of the district court holding the contract and the assignment null and void, and granting the injunction.

An opinion previously approved in this case has been withdrawn, and this opinion is being substituted.

In the 1967 Session the North Dakota Legislature passed a validating act declaring all contracts heretofore made and entered into by the county commissioners for the collection and recovery of personal property taxes to be legal and valid not-

withstanding the provisions of law to the contrary.

§ 2. Validating Contracts for the Collection of Personal Property Taxes.) All contracts heretofore made and entered into by the county commissioners for the collection and recovery of personal property taxes are declared legal and valid notwithstanding the provisions of law to the contrary.

Session Laws 1967, chapter 434, § 2.

This act validates all contracts heretofore made for the collection of personal property taxes, and this, in our opinion, includes the contract and assignment thereof in this case.

Therefore, in view of the above cited curative statute which was passed before final adjudication was made in this case, we hold that we need not determine whether the contract was null and void, as that question has become moot.

The corporate existence and the legislative and administrative acts of municipal corporations, including cities and towns, school districts, drainage districts, townships and counties may be validated by properly enacted curative statutes. Because there is apparent legislative cognizance of the fact that most political subdivisions must be administered by personnel unfamiliar with the intricacies of the law, and because courts generally afford liberal interpretation to action taken for the public benefit, there is a mutual legislative and judicial willingness to forgive, forget, and legalize. Only in case the curative act attempts to validate that which could not have been originally authorized, or to validate action which impairs the obligation of contracts or interferes with created rights will courts declare the statute unconstitutional.

Defects in the incorporation of a political subdivision may be cured and action taken as a *de facto* corporation may be legalized so that it will have *de jure* effect. Where the corporate existence is unquestioned, but its officers act *ultra vires* their action may be ratified. Thus, contracts, bond issues, levies and assessments, elections, and boundary extensions may be cured.

2 J. Sutherland, Statutory Construction, § 2217 (3d ed. Horack 1943).

See, 10 E. McQuillin, Municipal Corporations, § 29.109 (3d ed. Ellard 1966).

For these reasons, we reverse the judgment of the lower court and remand the case for further proceedings accordingly.

PAULSON, J., not having been a member of the Court at the time of submission of this case, did not participate.